Charles A. Sloss v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Charles A. Sloss, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Charles Witaconis*, with him *Ralph P. Carey*, for appellant.

*Sandra S. Christianson*, Assistant Attorney General, with her *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 13, 1976:

Charles A. Sloss has appealed from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's determination of ineligibility for benefits because he voluntarily left his job without cause of a compelling and necessitous na-

ture. The referee, of course, cited Section 402(b) of the Unemployment Compensation Law[1] (Law).

Sloss had received unemployment compensation benefits for approximately six months following a valid layoff from an earlier employer, and these benefits were terminated when he accepted a job as a salesman trainee with Rediforms Office Products (Rediforms), a California company. While his wife and daughter remained in Pennsylvania, Sloss had gone to Los Angeles seeking employment and, on August 1, 1975, he began a sixty-day training period required by Rediforms for new employees. After completing the first month, for which he was paid $750 by Rediforms, he voluntarily resigned on August 29, having then decided to return to Pennsylvania and not to move his family to California. He made this decision, he said, because moving expenses were high and because his job assignment for Rediforms had been shifted to the Los Angeles area from neighboring Orange County where he expected it to be. He returned to Pennsylvania and applied for but was denied unemployment benefits here. At issue before us is his claim for the period following his return home until the time he accepted other employment on December 16, 1975.

In an unemployment compensation case it is the Board's duty to weigh the evidence, and this Court will reverse a determination only where the Board has abused its discretion, committed an error of law, or rendered findings which were unsupported by the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802, which provides that:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

evidence. *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976). The Board found here that the claimant ''voluntarily terminated his employment because he decided not to move his family from Clarks Summit, Pennsylvania to the Los Angeles, California area, where his job was located,'' and the testimony of the claimant substantiates such a finding.

One who voluntarily accepts a job thereby admits its initial suitability, and, to assert successfully that the employment is now so unsuitable as to be a compelling cause for leaving, the employe must prove that employment conditions have changed or that he was deceived as to or unaware of such conditions when he entered the employment. *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). The Board specifically found that when Sloss accepted his position with Rediforms in California he intended to relocate his family in California, and no evidence of record suggests that the expense of moving increased between the time he accepted the job and the time he decided not to move one month later. With regard to the change in sales territory, Sloss himself admitted that Los Angeles is only thirty miles from the Orange County area where he had intended to buy a home and that the Los Angeles territory would be within reasonable commuting distance. The conditions of employment therefore did not materially change, either, and the claimant's acceptance of the job constituted an admission of its suitability.

Sloss argues that he returned home because of marital obligations, but, by the express language of Section 402(b)(2) of the Law, 43 P.S. §802(b)(2), such domestic obligations are *not* a necessitous and compelling cause for voluntarily terminating employment unless

the employe during a substantial part of the six months either prior to such leaving or the time of filing either an application or claim for benefits was the sole or major support of his or her family, and such work is not within a reasonable commuting distance *from the new locality to which the employe has moved.* (Emphasis added.) Clearly a move to a new locality is necessary, and having returned to his Pennsylvania residence, Sloss does not meet this requirement. *Unemployment Compensation Board of Review v. Jenkins,* 23 Pa. Commonwealth Ct. 127, 350 A.2d 447 (1976); *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). While Sloss's decision not to relocate may well have been reasonable under the circumstances, it does not constitute a necessitous and compelling cause for voluntarily terminating employment as required by the Law for him to remain eligible for unemployment compensation. *See Keisling Unemployment Compensation Case,* 198 Pa. Superior Ct. 345, 181 A.2d 717 (1962).

Finally, Sloss raises due process arguments because he did not have the benefit of a hearing with legal counsel before the Board. His appeal to the Board, however, filed by his counsel, did not request either oral argument or a remand hearing. In fact, no such request was filed until more than ten days after the Board had rendered its decision on the basis of the record, and the Board would have violated its own Rule 210 if it had granted a hearing after the ten-day period for requests for reconsideration had elapsed. And, while Sloss was unrepresented by counsel at the referee's hearing, too, we have previously held that this does not constitute a denial of due process. *Knox v. Unemployment Compensation*

*Board of Review,* 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974).

We believe that the claimant's contentions are without merit, and having discovered no abuse of discretion, error of law, or finding of fact unsupported by the evidence, we must affirm the Board's order denying unemployment compensation to Charles A. Sloss.

### ORDER

AND Now, this 13th day of December, 1976, the order of the Unemployment Compensation Board of Review denying compensation to this claimant is hereby affirmed.