Robert E. Jones, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, January 30, 1978, to Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*J. Robert Zane,* with him *Zane* and *Zane,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 15, 1978:

Robert E. Jones (claimant) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that he should be disqualified from receiving unemployment compensation.

The claimant worked one day during July, 1975 as a laborer for Circle M. Construction Company but failed to report to work thereafter. He had been receiving benefits prior to this one-day's employment, and he continued to receive benefits through January, 1976. When the unemployment compensation authorities learned of this brief employment, however, they disqualified him from benefits thereafter, citing Section 402(b)(1) of the Unemployment Compensation Law[1] (Act), 43 P.S. §802(b)(1), for voluntarily leaving work without cause of a necessitous and compelling nature. This determination was subsequently affirmed by both the referee and the Board.

The claimant does not dispute the fact that he voluntarily left the laborer job, and it became his burden, therefore, to show that he did so for cause of a necessitous and compelling nature. *Baird v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977). At the time of the investigation into the incident by the compensation authorities, he signed a statement that he quit his job because he had not discussed overtime pay with the employer and he had "heard from the other employees that this employer paid only straight time for hours over 40 hrs." This statement was admitted into evidence by the referee. At the referee's hearing, the claimant testified, however, that the real reason he had not returned to the job was because the work was too heavy and that it had aggravated an ankle injury which he had sustained in high school. The referee did not resolve this issue, but simply found that the claimant terminated his employment without notice to the employer and that continuing work was available had he wished to remain employed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

We must agree with the Board that regardless of which of these two versions of his reasons for quitting was to be believed, neither could constitute a necessitous and compelling reason for this claimant to have terminated his employment without notice to the employer. One who voluntarily accepts a job thereby admits its initial suitability, and, to assert successfully thereafter that the employment has become or is so unsuitable as to be a compelling cause for leaving, the employee must prove that the employment conditions have changed or that he or she was deceived as to, or unaware of, such conditions when the employment began. *Sloss v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 528, 367 A.2d 803 (1976). The fact that the claimant learned that he would not receive overtime pay cannot constitute a compelling reason for leaving after one day, especially in view of his failure to discuss overtime directly with his employer and of his reliance entirely on the statements of other employees. If the fact-finder were to believe that the leaving was for reasons of health, the law requires that the employee inform his employer of these health problems and request a transfer to work which he is capable of performing. *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978). The claimant here did not even inform the employer that he would not be returning to work.

We will, therefore, affirm the Board's decision that this claimant should be disqualified from receiving unemployment compensation pursuant to Section 402(b)(1) of the Act, 43 P.S. §802(b)(1).

## Order

And Now, this 15th day of May, 1978, the three orders of the Unemployment Compensation Board of

Review denying benefits to Robert E. Jones are hereby affirmed.

