Lillian Hower, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Lydia Hernandez-Velez,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 1, 1980:

Claimant Lillian Hower appeals from a decision of the Unemployment Compensation Board of Review (board), which held that claimant was ineligible for benefits under Section 402(b)(1), 43 P.S. §802(b)(1) of the Unemployment Compensation Law,[1] because she voluntarily terminated her employment as a salesperson with the Allied Mercantile Company (employer) without necessitous and compelling cause.

The facts are not in dispute. Before December 27, 1976, claimant's work schedule required her to work Tuesday through Saturday from 9:00 a.m. until 5:30 p.m., and Sunday and Monday were her offdays. Immediately after work on Tuesday and Thursday evenings, claimant attended classes at Temple University. Because Temple University and the employer's premises are right around the corner from each other in downtown Philadelphia, claimant conveniently walked to class after work on Tuesdays and Thursdays.

However, on December 27, 1976, claimant's supervisor informed claimant that because of personnel

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

problems, claimant's second offday was being switched from Monday to Tuesday. Claimant's response essentially has been that her domestic and school obligations required that her workdays remain the same, with the offdays being Saturday if not Monday, along with Sunday.

Not receiving the employer's acquiescence, claimant resigned.

On appeal, claimant contends that the rescheduling of her offdays precluded her from fulfilling her domestic obligations, and therefore, constituted necessitous and compelling cause for her to discontinue her employment. We cannot agree.

This court has consistently held that family obligations do not constitute necessitous and compelling cause to terminate one's employment. *See Dinges v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 306, 369 A.2d 898 (1977) (children); *see also Unemployment Compensation Board of Review v. Barnett*, 22 Pa. Commonwealth Ct. 144, 348 A.2d 434 (1975) (children and sick wife). The claimant here never specified the nature of the domestic obligations affected by the schedule change.

A person is employed to do a particular task on assigned days. The employer is not barred from modifying or changing the days. If the employer makes a reasonable change, the employee must abide by the employer's decision or risk being ineligible for unemployment compensation if he refuses. *Becker v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 488, 373 A.2d 1376 (1977). Nothing in the record indicates that the employer acted arbitrarily, capriciously or unreasonably by changing claimant's offdays. To the contrary, employer's representative gave uncontradicted testimony that employer's action was prompted by personnel problems.

Accordingly, we affirm the order of the board.

142

### ORDER

AND Now, this 1st day of October, 1980, the decision of the Unemployment Compensation Board of Review denying benefits to Lillian Hower is hereby affirmed.