National Aluminum Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Joseph Mack, III, Thorp, Reed & Armstrong,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy Zimmerman,* Attorney General, for respondent.

*Jean D. Stryker,* intervenor, for herself.

OPINION BY JUDGE CRAIG, June 1, 1981:

In this unemployment compensation appeal, the employer[1] questions an award of compensation by the board,[2] affirming a referee's decision allowing compensation to the claimant on the ground that she had

---

[1] National Aluminum Corporation.

[2] Unemployment Compensation Board of Review.

cause of a necessitous and compelling nature for leaving her employment.[3]

Claimant, an experienced secretary with advanced secretarial schooling, applied for a job advertised as "Production Secretary" and received the position in May, 1978 after successful completion of typing and shorthand tests.

Claimant performed secretarial tasks for a year, but those duties were gradually replaced by clerical functions.[4] Unhappy with what she saw as a threat to her stenographic skills, claimant requested a transfer in July of 1979 to a facility where she could resume wholly secretarial responsibilities; the transfer was denied. When the accounting manager notified her in October of 1979 that additional clerical accounting duties were to be assigned to her, claimant refused to perform the task, stating that it was not part of her job. Claimant resigned from her job after her supervisor continued to insist that she take on the work.

We are bound on review by the referee's findings of fact, there being ample evidence in the record to support them. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). Our inquiry is thus limited to a determination of whether, as a matter of law, claimant's fear of losing her considerable stenographic skills as the result of the changing nature of her job was cause of a necessitous and compelling nature for voluntary termination. Under the particular circumstances present in this case, we hold that the claimant

---

[3] Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[4] The job of preparing and issuing customer credits, previously performed by the accounting manager, was assigned to the claimant; she described the duties as "involving huge amounts of clerical research, calculator time, and no secretarial skills such as typing or shorthand or other physical secretarial skills."

fulfilled her burden of showing good cause, and we affirm.

Although "[o]ne who voluntarily accepts a job thereby admits to its initial suitability," a claimant may successfully assert that the employment was so unsuitable as to be a compelling cause for leaving by proving that employment conditions have changed or that the claimant was deceived or unaware of such conditions when entering into the job. *Sloss v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 528, 531, 367 A.2d 803, 804 (1976); *see also Jones v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 293, 385 A.2d 639 (1978).

Although it is true that an employer may make reasonable modifications in job assignments, *Druzak v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 481, 315 A.2d 925 (1974) (half-hour added to work week), a substantial unilateral change in the employment agreement renders the job unsuitable. *National Freight, Inc. v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978) (truckdriver subjected to increased truck rent).

Claimant undisputedly was tested and hired for, and did in fact perform, skilled secretarial duties until the employer unilaterally changed the nature of her work, despite her objections and transfer request. She testified that her supervisor initially assured her that the additional clerical duties would be temporary, but then "someone told me I was doing such a good job I had a job for life. I didn't want that job for life." Claimant explained her concern about the loss of her secretarial skills, stating:

Top quality secretarial skills are dearly bought and dearly maintained and when those skills are not used for periods of time, they atrophy

and the owner of those shrinking skills is no longer qualified to seek or to hold a top secretarial job.

Perhaps most dispositive is her supervisor's testimony:

[Claimant's] biggest point is that her duties changed without her permission and quite frankly that's true. Her duties did change. . . . The nature of the change on [claimant's] job according to [claimant] was basically from secretarial to clerical which is in a large part 100% true.

We must conclude that the alteration in claimant's duties after her employment in a skilled position, with the attendant loss or diminution of those skills, was compelling cause for her resignation.

*Franklin & Lindsey, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 59, 396 A.2d 497 (1979), is distinguishable because there was no showing that the claimant had been hired expressly as a draftsperson.

Accordingly, we affirm.

ORDER

AND Now, June 1, 1981, the order of the Unemployment Compensation Board of Review, No. B-179945, dated January 21, 1980, is affirmed.