Helen E. Mosebauer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before Judges Mencer, Craig and Palladino, sitting as a panel of three.

*Donald T. Rogers, Lowery, Ciavarella & Rogers,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

Opinion by Judge Craig, August 13, 1981:

The claimant[1] has appealed from a decision of the Unemployment Compensation Board of Review (board) which denied benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law,[2] on the ground that claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature.

The claimant had worked for the City of Wilkes-Barre for five years as a custodial worker. Her duties had included cleaning 13 rooms on the fourth floor of City Hall; three other employees were responsible for cleaning the remaining three floors in the building. In June 1979, the employer removed two employees from their work in the City Hall building and assigned their duties to claimant and her remaining co-worker. The employer neither lengthened claimant's customary four-hour shift nor changed her rate of remuneration. After working under the new arrangement for one week, claimant felt she could not properly complete her duties and left her employment.

Our inquiry is limited to a determination of whether the change in claimant's work duties was a necessitous and compelling reason for voluntary termination. In making this determination, we recognize that an employer is entitled to modify the time, place, or tasks that he originally assigns to an employee, and "[i]f . . . the change is reasonable, the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses." *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974).

---

[1] Helen E. Mosebauer.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The record supports the board's conclusion that the claimant did not demonstrate compelling reasons to quit.

We cannot consider doubling the area to be cleaned by a custodial worker, in itself, to be sufficient cause for a voluntary termination, where the board found (1) that the workday remained at the same length, and (2) that the claimant was "assigned additional work", but did *not* find that the amount of work to be accomplished within a given workday was doubled or even substantially increased. Claimant did not show the referee or board that the newly-assigned responsibilities meant that she would thereafter be required to accomplish eight hours' worth of work production within the same four-hour shift. The factfinders declined to interpret her testimony of a "double workload" in that manner. That phrase can be taken to refer merely to the enlarged work area; it does not necessarily mean that work had to be done at twice the previous pace.

The claimant, as a conscientious worker, indeed may have experienced some frustration in encountering a new assignment which meant that she could no longer perform each day's work with the same thoroughness as before, but the record reveals only the kind of dissatisfaction with job conditions which we have previously held to be insufficient as a cause for termination.

Accordingly, we affirm the board.

## ORDER

AND Now, August 13, 1981, the November 15, 1979 order of the Unemployment Compensation Board of Review at No. B-177796, is affirmed.

---

DISSENTING OPINION BY JUDGE MENCER:
I respectfully dissent.

I am of the view that claimant fulfilled her burden of showing good cause for her termination of employment, based upon the unreasonable modification of her job assignment. I must conclude that a doubling of claimant's workload, without a concomitant increase in wages or hours, constitutes an unreasonable change in working conditions.

I do not agree that claimant should be denied benefits, as urged by the Board, simply because she failed to discuss the "personnel changes" with her employer. I note that, since an employer representative did not attend the hearing before the referee, the only evidence in the record on this issue consists of claimant's statement that she tried unsuccessfully to complain to the mayor's office through her union. I thus do not believe that claimant's failure to discuss the matter with her supervisor before leaving employment is a sufficient ground upon which to deny benefits, particularly since claimant was not in a position to negotiate the terms of her employment.

The Board also contends that the instant case is controlled by case authority which holds that mere dissatisfaction with working conditions is not sufficient justification for terminating employment. *See, e.g., Mann v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 119, 398 A.2d 743 (1979). This case, however, falls more properly within the line of authority holding that a substantial unilateral change in the employment agreement may render the job unsuitable. *National Aluminum Corp. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 359, 429 A.2d 1259 (1981); *National Freight, Inc. v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 161, 382 A.2d 1288 (1978). In view of the extent of the change in her responsibilities and her willingness to attempt the new arrangement for a week before re-

signing, I cannot accept the characterization of claimant's resignation as ''mere dissatisfaction with working conditions.''