James L. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, March 1, 1982, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*James L. Martin*, petitioner, for himself.

*Karen Durkin*, Associate Counsel, with her *Richard Wagner*, Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

Opinion by Judge Craig, April 29, 1982:

Claimant James L. Martin questions a denial of benefits by the Unemployment Compensation Board of Review, which affirmed a referee's decision disqualifying him on the grounds that he voluntarily terminated his employment[1] as an account supervisor for the Pennsylvania Farm Management and Business Analysis Service (employer).

On the basis of the claimant's testimony, the board found that the claimant's departure was precipitated by his dissatisfaction with the additional territory assigned to him by the employer, and the claimant's belief that his work for the employer was in violation of Internal Revenue Service enrolled agent regulations.

Absent evidence of unreasonableness, we cannot presume that a modification of the claimant's territory—clearly permitted under the terms of the employment contract[2]—is necessitous and compelling cause for termination. *Mosebauer v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 269, 433 A.2d 599 (1981) ; *Hower v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 139, 420 A.2d 36 (1980).[3]

---

[1] Section 402(b) (1) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b) (1).

[2] The contract stated:

9. Employee [sic] shall be entitled to have exclusive representation of the services of Employer [sic] in the territory formally assigned to him and to the clientele generated by his efforts in such area. *The employer reserves the right to assign territory and determine the boundaries thereof from time to time.* In the event it shall appear to the Employer that a portion of the territory assigned to an account supervisor is not being serviced, the Employer reserves the right to assign such territory to another account supervisor. (Emphasis supplied.)

[3] The board, finding that the additional clients were located in Chester and Berks counties—a distance of twenty miles from the

The claimant's contention that he could not continue working for the employer without jeopardizing his enrolled agent status with the IRS is refuted by the letter he received from the Department of Treasury, which stated:

I am of the view that Section 10.30(e) of Circular 230 would permit you to retain your status as an enrolled agent while employed by FMBAS even if that entity obtained clients in a manner prohibited by the regulations. However, while your employment by FMBAS under those circumstances would not in and of itself be in violation of the regulations in Circular 230, Section 10.30(e) would prohibit you, either directly or indirectly, from holding yourself out as an enrolled agent or practicing before the Internal Revenue Service in connection with such employment.

The employer's representative testified that he had examined the regulations and concluded "the methods that are encouraged for employees . . . to use in obtaining clients are not in violation of that particular provision."

Finding no capricious disregard of the evidence by the board,[4] we affirm.

---

claimant's home—concluded that the claimant did not "demonstrate that his service area was unreasonably large and impossible to handle."

[4] In unemployment compensation cases involving voluntary termination of employment, the burden is upon the employee to prove a necessitous and compelling reason for leaving; where the employee, having the burden of proof, fails to prevail before the Unemployment Compensation Board of Review, the Commonwealth Court's scope of review is to determine whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Koman v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 604, 435 A.2d 277 (1981).

344

## ORDER

Now, April 29, 1982, the order of the Unemployment Compensation Board of Review, dated June 23, 1980, No. B-185317, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.

