Barry T. Stratford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 14, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Randall E. Zimmerman, Barron & Zimmerman,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 25, 1983:

Petitioner (claimant) has appealed a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision and a determination by the Office of Employment Security denying him unemployment compensation benefits. The referee and the Board concluded that the claimant voluntarily terminated his employment and that he failed to show cause of a necessitous and compelling nature for so doing, in accordance with the requirements set forth in Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897 *as amended,* 43 P.S. §802(b)(1).

In affirming the referee's decision, the Board found that the claimant voluntarily terminated his employment because of his dissatisfaction with his wage

rate, the necessity of having to travel a distance of 87 miles to his employment, and the expense of living at the job site, and was, therefore, ineligible for benefits. We agree.

Claimant was employed since 1970 by D. E. Smith, Inc., as an equipment operator and laborer at an hourly wage ranging from $5.50 to $14.00, depending on the work assigned. Claimant resigned on June 5, 1981, after learning that he was to be paid $5.50 per hour for an assignment in Red Lion, Pennsylvania, 87 miles from his home. Claimant determined that this distance was too far to commute daily and the expense of living at the site and commuting on weekends was too great for his hourly wage.

Here, claimant, as the party with the burden of proof, did not prevail below. Our review of the Board's findings of fact is limited, therefore, to a determination of whether those findings are consistent with each other and with the conclusions of law, and whether they can be sustained without a capricious disregard of competent evidence. *See e.g., Magazzeni v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 635, 468 A.2d 961 (1983), *Adamski v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982).

Petitioner contends that the assignment at Red Lion did not constitute ''suitable work'' as defined in Section 4(t) of the Law, 43 P.S. §753(t), and we have recognized that a claimant may successfully assert that the employment initially deemed suitable, became so unsuitable as to be compelling cause for voluntary termination. This may be done by proof that employment conditions have changed or that the claimant was deceived or unaware of such conditions when entering into that employment. *Sloss v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct.

528, 367 A.2d 803 (1976). That rationale is inapplicable in the instant case, however, because the Board found, and we will not disturb that finding, that claimant was not the victim of surprise or deceit with regard to his wage rate or the distance involved. Also, in light of the fact that the job was to last only three to four weeks, claimant's decision to sever his employment relationship was a radical remedy. Claimant in connection with this question, cites the case of *Womeldorf, Inc. v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 627, 430 A.2d 722 (1981). In *Womeldorf,* a daily commute of 80-100 miles each way was considered excessive and a good cause for termination. *Womeldorf* was cited with approval by the Supreme Court in *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). Of course, the distinction between *Womeldorf* and this case is that the claimant in *Womeldorf* was to be relocated permanently; here the job in Red Lion was of a temporary nature.

Petitioner relies on *Ship Inn, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980), where we held that a substantial reduction in pay can constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. *Ship Inn* is distinguishable from the instant case, however, because a substantial decrease in salary was involved. In this case, claimant's salary was subject to fluctuation depending on whether the specific job to which he was assigned was federally funded.

Claimant did not sustain his burden of proof in demonstrating a necessitous and compelling reason for his voluntary resignation. We find no error in the Board's assessment of the case, and therefore, must affirm the Board's decision to deny benefits to the claimant.

58

### ORDER

AND Now, October 25, 1983, the order of the Unemployment Compensation Board of Review, No. B-198767, dated August 27, 1981, is hereby affirmed.