Annita Citrigno, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1984, to Judges DOYLE, PALLADINO and BARBIERI, sitting as a panel of three.

*Michael A. Latzes, Arkans & Levans, P.C.,* for petitioner.

*Michael Alsher,* Associate Counsel, with him, *Charles Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 20, 1984:

Annita Citrigno (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(b) of the Unemployment Compensation Law[1] on the grounds that Claimant quit her job voluntarily and without a necessitous and compelling cause.

Claimant was employed as a sewing machine operator by Pincus Brothers Clothing Corp. in Philadelphia for nearly eight and a half years. She worked on mens' vests for an average hourly rate of approximately $8.62 as a piece-worker. Her earnings were therefore based upon her level of proficiency. In September of 1982, Claimant was informed that her position making vests was to be phased out, and she was offered a new position working on mens' jackets. She was also told that this would entail working at a straight hourly rate of $6.50 for a training period of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). This section provides, in pertinent part:

An employe shall be ineligible for compensation for any week —

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

approximately four to six weeks. Following the training period, she would have been paid on the same piece-work basis as before, and presumably, would have earned approximately the same wages. This retraining arrangement was in conformity with an existing union/management agreement. Claimant demanded that she receive an hourly wage of $8.30 while in training, and when management refused to comply with this request, she left her job.

There is no dispute over the fact that Claimant terminated her employment voluntarily. This being the case, the burden falls upon Claimant to prove that she had a necessitous and compelling reason for leaving. *Porter v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 505, 434 A.2d 245 (1981). Claimant relies on *Ship Inn, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 292, 412 A.2d 913 (1980), wherein this Court held that a substantial reduction in pay may constitute a "necessitous and compelling" cause for voluntarily terminating one's employment. It is certainly true that the reduction in pay in *Ship Inn* was approximately 25%, which nearly equals the Claimant's reduction in the case sub judice. The crucial difference is that Claimant's reduction here was to be only temporary. *See Stratford v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 54, 466 A.2d 1119 (1938); *Snyder Unemployment Compensation Case,* 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961); *Kinter Unemployment Compensation Case,* 180 Pa. Superior Ct. 529, 119 A.2d 639 (1956).

The Pennsylvania Supreme Court has defined as "necessitous and compelling" those circumstances "which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances

to act in the same manner.'' *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 462, 453 A.2d 960, 963 (1982). Although there is no definitively absolute period of time upon which a "temporary" wage reduction would become so unreasonable as to compel a person to seek other employment, four to six weeks does not seem unduly harsh under the circumstances. It is, of course, unfortunate that Claimant's position was phased out. She was, however, offered a paid training program and similar work.[2] It does not seem reasonable to reject this alternative in favor of total unemployment for an indefinite period of time.

Claimant also argues that there was no guarantee that after her training period she would be making the same wage as in her former job as a piece-worker sewing vests. This is true, of course, since in both positions, pay was apparently governed by proficiency. But presumably, Claimant's level of ability as a seamstress and piece-worker would remain the determining factor, and there appears to be no reason for her to believe that she would not, after her brief training period, be as proficient in the new position as in the old. Under these circumstances, Claimant's refusal to stay on long enough to attempt the new position demonstrates a failure on her part to make the good faith effort to maintain an employment relationship which is required under Section 402(b) of the Law. *See Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982).

Accordingly, we affirm the order of the Board.

---

[2] Claimant argues that the new position, although similar, is not "suitable" within the meaning of Section 4(t) of the Unemployment Compensation Law, 43 P.S. §753(t). We note that piece-work on mens' vests and piece-work on mens' coats are sufficiently similar as to make the adequacy of Claimants new rate of pay the only issue in this case.

ORDER

Now, November 20, 1984, the order of the Unemployment Compensation Board of Review No. B-214373, dated February 2, 1983, is affirmed.