Gregory J. Donaldson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Carol A. Teno,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 23, 1985:

Gregory J. Donaldson (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny benefits pursuant to Section 402(b) of the Unemployment Compensation Law[1] (Law) because the claimant failed to prove that his voluntary quit was for a necessitous and compelling reason.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The facts, which are not in dispute, reveal that the claimant worked as an operator for Schlumberger Wells Services (employer) until August 25, 1983. On that day, the employer informed him that he was to be temporarily reassigned to Paintsville, Kentucky for a minimum of thirty-five (35) days, that room and board would be provided for him in Paintsville and that he would be working for six (6) days at a time separated by three (3) days off. The employer would not provide transportation for the claimant to and from his home in Pennsylvania on his days off. Following the completion of the temporary assignment, the employer would transfer the claimant from Homer City, Pennsylvania to Marietta, Ohio. The claimant quit because his employer could not provide transportation back to Pennsylvania on his days off and because he did not wish to relocate to Marietta following the completion of his temporary assignment. He could not provide his own transportation to and from Kentucky because his wife needed the family car to get to her job at Kroger's in Homer City, Pennsylvania. Following the referee's denial of benefits, the claimant appealed to the Board which affirmed the referee's decision. The present appeal ensued.

The only issue before this Court is whether or not the Board erred as a matter of law when it determined that the claimant had not established a necessitous and compelling cause for his voluntary quit.[2] And, of course, our scope of review includes all questions of law. *Magazzeni v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 635, 462 A.2d 961 (1983).

---

[2] The burden of proof is on the claimant to establish that he quit his job for reasons which constitute a necessitous and compelling reason under the law. *Shaw v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979).

The Pennsylvania Supreme Court in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977) stated that "good cause", or cause of a necessitous and compelling nature, for which a voluntary quit is justifiable "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Id.* at 359, 378 A.2d at 832-833.

In deciding whether or not the claimant's reasons for quitting constitute "good cause" under these circumstances, we must bear in mind that an employer is entitled to modify the time, place and nature of the job originally assigned to an employee if the changes are reasonable. *Mosebauer v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 269, 433 A.2d 599 (1981). Further, an employee must abide by the employer's decision where reasonable at the risk of being found ineligible for unemployment compensation benefits. *Id.*

If the claimant here had quit only because of the temporary assignment, we believe that he would be ineligible for benefits. *See Stratford v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 54, 466 A.2d 1119 (1983).[3] The record indicates, however, that he told the Office of Employment Security (OES) in his initial interview that he quit, not only because of the temporary assignment, but be-

---

[3] In *Stratford,* we upheld a Board decision finding the claimant ineligible for benefits where the claimant quit after refusing a temporary relocation. We stated that "in light of the fact that the job was to last only three to four weeks, claimant's decision to sever his employment relationship was a radical remedy." *Id.* at 57, 466 A.2d at 1121. Here the temporary employment in Paintsville, Kentucky was to last thirty-five days.

cause he did not desire to relocate his family to Marietta, Ohio.[4] This raises a different problem.

Our Supreme Court in *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 464, 453 A.2d 960, 964 (1982) addressed the question of whether or not relocation was a sufficient cause for quitting one's job under the Unemployment Compensation Law and stated that

> [t]he Unemployment Compensation Law does not require an employe to sever his ties to family and community and move to a new home over one hundred miles away in order to begin work in a new location, *especially when he has not yet had a reasonable opportunity to seek work closer to home and when he did not know at the time he began working for his employer that relocation might be necessary. . . .*

Like the claimant in *Treon*, the claimant here would have had to relocate permanently immediately after completing a temporary assignment. Moreover, the relocation would have involved not just the claimant, as in *Treon*, but his wife, who was employed in Homer City, and his children. We held in *Womeldorf v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 627, 430 A.2d 722 (1981) that a claimant had "good cause" to quit his job when reassignment necessitated relocation. *See also, Department of Labor and Industry v. Unemployment Compensation Board of Review*, 154 Pa. Superior Ct. 250, 35 A.2d 739 (1944) (a claimant need not "pull up his roots and travel many hundreds of miles to available employment or suffer ineligibility if he refuses").

---

[4] The Board asserts that we should not consider the claimant's lack of desire to relocate permanently to Ohio as a reason for his resignation. We cannot ignore finding of fact number six which is supported by evidence and states that the claimant had two reasons for quitting his job.

Unlike the record in *Treon,* however, the record here does not indicate whether or not this claimant knew at the time he began working for the employer that he might be relocated permanently to a new job site. And we believe that such a finding is necessary in order to resolve the issue of whether or not this particular relocation constitutes a necessitous and compelling cause for the claimant's resignation. Clearly, where a claimant accepts employment with the knowledge that it requires relocation, a subsequent refusal to relocate can not be considered "good cause" under the Unemployment Compensation Law to quit one's job. *Sloss v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 528, 367 A.2d 803 (1976) and *Keisling v. Unemployment Compensation Board of Review,* 198 Pa. Superior Ct. 345, 181 A.2d 717 (1962).

Accordingly, we will remand this case to the Board to determine whether or not the claimant knew, at the time of hiring, that he might be relocated. If the Board finds that the claimant had no knowledge of this condition of employment, benefits will be awarded from the time at which relocation would have been required. The claimant, however, is not entitled to benefits during the weeks when he would have been on temporary assignment. *Stratford.*

ORDER

AND Now, this 23rd day of August, 1985, we hereby vacate the order of the Unemployment Compensation Board of Review and remand this case for proceedings not inconsistent with this opinion. Jurisdiction relinquished.