580 A.2d 934

**RADNOR TOWNSHIP SCHOOL DISTRICT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 13, 1990.

Decided Oct. 5, 1990.

F. Harry Spiess, Jr., with him, Brian S. Dietrich, Green-well, Porter, Smaltz & Royal, Wayne, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Radnor Township School District (Radnor) appeals an Unemployment Compensation Board of Review (Board) order reversing a referee's decision which denied benefits to Odilma DeBernate. We reverse the Board and reinstate the referee's denial of benefits.

DeBernate worked for Radnor as a banker for eleven years. Her work agreement restricted her employment to 1,540 hours per school year. She exceeded the allotted hours in 1988, which prompted her employer to confer with and inform her she must comply with the hours allotted. Prior to the beginning of the 1989 fiscal year, DeBernate was given a schedule that would bring her into compliance with the allotted work hours, consisting of seven hours per day to coincide with the school term and thirty-nine days during the summer at six hours per day.

When DeBernate stated she could not complete her work in that schedule, she was told she could not be granted additional hours of employment because of Radnor's budgetary restrictions. She continued to insist that a limit of 1,540 hours was impossible. She was given an ultimatum: If she would not accept the terms offered her, she would be replaced by someone who could work within the time frame, whereupon DeBernate said, "I guess you'll just have to do that,"[1] and voluntarily left her employment.

 Radnor argues that it made a reasonable adjustment

---

1. Board Findings of Fact Nos. 2 through 9, Board Decision, 2/5/90. Record Item No. 12.

in DeBernate's working hours.[2] We agree.

Our Supreme Court in *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977), stated that "good cause," or cause of a necessitous and compelling nature, for which a voluntary quit is justifiable "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Id.*, 409 Pa. at 358–59, 378 A.2d at 832–33.

■ The employer has always been entitled to modify employment specifications with regard to time, place, and manner. *Donaldson v. Unemployment Compensation Board of Review*, 91 Pa.Commonwealth Ct. 366, 496 A.2d 1370 (1985). The only restriction is the requirement that the employer act reasonably and in good faith. *Id.*

■ Radnor's restriction of DeBernate's hours, precipitated by budget constraints, was a reasonable change in her work hours. Moreover, DeBernate was made aware of these constraints the year before when her employer provided her with a revised schedule by which she could work to comply with the hours allotted for her position. However, she maintained that the hours were insufficient and voluntarily left her employment.

We conclude that DeBernate voluntarily quit her job without a necessitous and compelling cause.

Accordingly, the Board's order is reversed.

## ORDER

The Unemployment Compensation Board of Review Order, No. B–279535, dated February 5, 1990, is reversed.

---

**2.** The burden of proof is on the claimant to establish that she quit her job for reasons which constitute a necessitous and compelling reason under the law. *Shaw v. Unemployment Compensation Board of Review*, 46 Pa.Commonwealth Ct. 452, 406 A.2d 608 (1979).