## Kaminski Unemployment Compensation Case.

Argued November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Norbert J. Kaminski,* appellant, in propria persona

*William L. Hammond,* Special Deputy Attorney General, for appellee.

PER CURIAM, December 29, 1953:

The only question presented in this unemployment compensation case is whether claimant had reasons for leaving his employment, which were sufficiently compelling and necessitous as to constitute good cause under section 402 (b) of the Unemployment Compensation Law of 1936 (1937), as amended, 43 PS §802 (b).

The appeal by claimant is from the decision of the Unemployment Compensation Board of Review, affirming the referee's disallowance of benefits.

Claimant admittedly terminated his employment with the Pioneer Construction Company, of Mount Carmel, Pennsylvania, of his own accord on September 12, 1952. Therefore the burden of establishing good cause for the separation was upon claimant. *Kaylock Unemployment Compensation Case*, 165 Pa. Superior Ct. 376, 67 A. 2d 801.

Claimant had worked intermittently, when he was not attending school, as a truck driver for the Pioneer Construction Company up to September 12, 1952. Work was available for him after that date if he had desired to remain employed. His testimony discloses that he made no effort to maintain or reestablish the employment relationship with his employer. He testified: "Q. What reason did you give the Company for leaving? A. That I was just leaving the job. I gave them a week's notice. Q. Didn't tell them why? A. No, I didn't." The reason for leaving his job on September 12, 1952, as subsequently stated by claimant, was to return to school. But his school attendance was a matter of personal choice rather than a necessity, and does not constitute good cause for leaving work. *Pelecovich Unemployment Compensation Case*, 172 Pa. Superior Ct. 646, 94 A. 2d 154. When he did not resume his studies claimant did not again contact his employer, and he made no effort to reestablish his employment. Alleged dissatisfaction with his employment appears to be an afterthought, as he never registered any complaint when he voluntarily quit work.

Claimant failed entirely to show any meritorious or compelling reason for the voluntary termination of his employment. See *Wescoe Unemployment Compensation Case*, 166 Pa. Superior Ct. 355, 357, 71 A. 2d 837.

Decision is affirmed.