Fenstersheib Unemployment Compensation Case.

290

Argued April 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Morris I. Fenstersheib,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., July 17, 1956:

This is an unemployment compensation case wherein the claimant was denied benefits by the bureau, the referee and the Board of Review.

The claimant worked for the United States Post Office in Pittsburgh, for approximately two weeks, his last day of work being December 27, 1954. In this employment he earned approximately $148. Although this was claimant's "last work", his eligibility for benefits cannot be determined by his separation from this employment because of the provisions of Section 401(f) added to the Unemployment Compensation Law by the Act of September 29, 1951, P. L. 1580, §13, as amended, 43 PS §801, which provides as follows:

"Section 401. Qualifications Required to Secure Compensation.—Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . (f) Has, subsequent to his voluntarily leaving work without good cause or to his discharge or suspension from work for willful misconduct connected with his work, been paid remuneration for services in an amount equal to or in excess of eight (8) times his

weekly benefit rate, irrespective of whether or not such services were in 'employment' as defined in this act. The provisions of this subsection shall not apply to a suspension of work by an individual pursuant to a leave of absence granted by his last employer, provided such individual has made a reasonable effort to return to work with such employer upon the expiration of his leave of absence."

Claimant on the basis of his prior employment record had established a weekly benefit rate of $30. Eight times this weekly benefit rate is $240, which is an amount in excess of his actual earnings in his job with the Post Office Department. Thus, inasmuch as the claimant's last work could not serve to "purge" him of any previous ineligibility, we must of necessity examine the reasons for his separation from employment immediately prior thereto.

Claimant's next previous position was that of a chemist employed by the Reliance Steel Casting Company in Pittsburgh, from September 18, 1946 until September 24, 1954. On the latter date, he voluntarily terminated the employment relationship. The findings of the Referee, which were adopted by the Board establish that the claimant chose to terminate his employment with Reliance because "he was dissatisfied with his working conditions and preferred to attend school on a full time basis rather than continue in his employment." The findings of the Board, which are supported by substantial, competent evidence, are binding on us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525 (1946). An examination of the record discloses that the findings are supported by substantial evidence.

Consequently, the sole question to be determined is whether claimant had good cause for leaving work. The

burden of establishing good cause for the separation was upon the claimant. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801 (1949). We agree with the unemployment compensation authorities that the claimant did not sustain this burden. While the desire to attend school is a laudable one, the termination of employment for that reason cannot be deemed "good cause" under the provisions of Section 402(b) of the Unemployment Compensation Act of December 5, 1936, P. L. 2897 (1937), as amended, 43 PS §802(b) ; *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 101 A. 2d 132 (1953).

The decision is affirmed.