## Avros Unemployment Compensation Case.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George Avros,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

The narrow question here involved is whether a claimant seeking unemployment compensation, who terminates his employment voluntarily, has the burden of establishing good cause for such termination. Claimant, George Avros, was last employed as a cook in the city of Philadelphia by Nick's Cafe. His last date of employment was November 17, 1956 when he voluntarily terminated his employment because he received a telegram from an employer in Florida, requesting him to re-apply for temporary employment during the winter months. He was not discharged or laid off and the evidence clearly shows that continuing employment was available at his last place of employment had he desired to remain.

Upon these facts, the Bureau of Employment Security, the Referee and the Board of Review all rejected the claim for unemployment benefits under section 402 (b) of the Unemployment Compensation Law, as amended, 43 P.S. section 802 (b), which provides, inter alia, as follows: "An employee shall be ineligible for compensation for any week—(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature—".

We have held that the termination of the employment relationship must be compelled by "necessitous circumstances." *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195; *Sturdevant Unemployment Compensation Case,* 158 Pa.

Superior Ct. 548, 557, 45 A. 2d 898. We have also held that the burden of establishing good cause for separation where the employee voluntarily terminates his employment is on the claimant. *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 101 A. 2d 132. Here the evidence clearly disclosed that in making his application for benefits, appellant stated his reason for being unemployed as "lack of work." Later, however, in reply to a letter from the bureau, appellant stated that the reason he left is because he had an agreement to the effect that he would work only until the winter months, at which time he would return to Florida. In filing his appeal, the reason assigned was that he was compelled to quit because of inadequate and incompetent help and that he was endangering his health. It thus clearly appears that claimant voluntarily quit his employment to go to Florida which is not a necessitous and compelling reason within the meaning of section 402 (b) of the Pennsylvania Unemployment Compensation Law.

Decision affirmed.