## Johnson Unemployment Compensation Case.

Argued April 12, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Martha H. Johnson,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion Per Curiam, June 15, 1960:

Appellant in this unemployment compensation case was denied benefits by the bureau, the referee, and the Board of Review on the ground that she voluntarily terminated her employment and was therefore disqualified under section 402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Appellant was employed for sixteen months by the Hazel Hyde Hat Shop, Pittsburgh, performing general cleaning work and delivering packages. On May 19, 1959, appellant was told that due to slow business she and another employe were to work alternate weeks. Appellant reported to work on May 25th and worked that day, but failed to return thereafter as she was dissatisfied with general working conditions and did not want to work alternate weeks. Continual work was available had she desired to remain.

The evidence produced at hearings before two different referees amply supports the finding of the board. Appellant testified that, although she was dissatisfied with her pay, the primary reason for leaving her employment was dissatisfaction with her working conditions, especially the manner in which her employer criticized her for not properly performing her duties.

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom were for the board as the ultimate fact-finder. *Hamilton Unemployment Compensation Case,* 181 Pa. Superior Ct. 113, 119, 124 A. 2d 681.

Where a claimant admittedly terminates her employment voluntarily, the burden of establishing a compelling and necessitous reason for the separation rests upon her. *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 243, 101 A. 2d 132.

Here appellant did not establish any compelling cause for her separation. The record does not indicate that the criticism of her work was abusive or of such

severe nature as to justify leaving her employment. Neither her alleged dissatisfaction with her working conditions nor her employer's criticism constituted cause of a compelling and necessitous nature in this case. See *Coyle Unemployment Compensation Case,* 191 Pa. Superior Ct. 482, 159 A. 2d 13.

The decision of the board is affirmed.