Seaton Unemployment Compensation Case.

Argued April 13, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Ira B. Coldren, Jr.,* with him *Coldren & Coldren,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review upholding the findings of the Bureau of Employment Security and the Referee, which concluded that the appellant was ineligible to receive benefits under the provisions of section 402(e) of the Unemployment Compensation Law, Act of 1936, P. L. [1937] 2897, 43 P.S. §802(e).

The appellant was last employed by the Burns Detective Agency, Pittsburgh, Pennsylvania, as a night watchman. He had been assigned by his employer to work at the Pittsburgh Consolidated Coal Company, Library, Pennsylvania.

The employer received complaints from Pittsburgh Consolidated Coal Company that the appellant was habitually tardy and failed to make his proper rounds of the watch stations.

In June, 1958, the appellant wrote to an official of the coal company concerning the hardship which his low wages and long travel caused and expressed a desire to work directly for the coal company.

The appellant was discharged on August 7, 1958, for violation of the employer's rules and regulations.

Section 402(e) provides in part that an employee shall be ineligible for compensation for any week: "(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

This Court has defined willful misconduct as a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his employees, or negligence in such degree or reoccurrence as to manifest culpability, wrongful intent or evil design, or to show an intention and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886; *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607.

Although appellant had been instructed by the Burns Detective Agency to make complete rounds at least four times, he maintains that the Coal Company

required him to make such rounds only twice. However, the record indicates that frequently he did not make the rounds even twice.

Appellant contends that certain testimony is hearsay and should not have been considered in the determination of appellant's rights. However, without deciding this question, we find that the competent testimony in the record fully supports the findings of fact made by the Board of Review. The testimony of the representative of the Burns Agency that they were in the possession of clock tapes for many weeks which showed that the appellant often didn't even make one complete round clearly reveals a breach of his duties and obligations to his employer and conduct inimical to his employer's best interests.

Decision affirmed.