Allison Unemployment Compensation Case.

Argued September 15, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Irving W. Singer,* with him *Richard A. Gallagher,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., November 16, 1960:

In this unemployment compensation case, the claimant has appealed from the decision of the Unemployment Compensation Board of Review which refused compensation to claimant on the ground that he was disqualified from receiving benefits under section 402(e) of the Unemployment Compensation Law, 43 P.S. section 802(e).

The claimant, George J. Allison, was last employed as a sales engineer by the C. H. Wheeler Manufacturing Company at Philadelphia, Pennsylvania. As a part of his duties, claimant was required to quote equipment to manufacturers of pumps, motors and controls who, in turn, furnished prices to the employer. The business of the employer was to assemble this equipment into a package unit and resell the same. Without the knowledge or consent of the employer, claimant contacted one of the suppliers and informed it that it must meet a certain price for this equipment in order to get the order. He informed this supplier that the figure it had to meet was the competitive price for the same. Based upon such representations which were false, the supplier took the order for the fictitious price submitted as competitive. Later, upon checking with other suppliers for the same equipment, it dis-

covered that the price given by claimant to be met was, in fact, fictitious and that it was required to furnish this equipment at a figure $300.00 lower than the original quotation.

Upon discovery of these facts, the supplier contacted the employer and accused it of being "nothing but a cheap outfit and he was going to tell his superiors in Cleveland." When confronted with such serious accusations, the employer called in the claimant who denied the charge. Subsequently, however, he admitted the charge and admitted further that in this price he overlooked putting in the price of the controls. Thereafter, claimant was discharged for willful misconduct.

As we view the record in order to determine whether the Board of Review had competent evidence to sustain its findings, we note that this is not a case where an honest mistake was made by the employe but that it is one where there was a breach of duty owed by the claimant to the employer. Upon discovery of mistakes, he should have reported the same to his employer for corrective action. However, he concealed these facts even when confronted with them. We have stated that willful misconduct is a wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his employes, or negligence in such degree or reoccurrence as to manifest culpability, wrongful intent and substantial disregard of the employer's interest or the employe's duties and obligations to the employer. *Seaton Unemployment Compensation Case,* 192 Pa. Superior Ct. 398, 161 A. 2d 926.

The findings of fact made by the Board of Review, based upon competent testimony, are binding upon us. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn

therefrom are for the board as the ultimate finders of fact. *Johnson Unemployment Compensation Case,* 192 Pa. Superior Ct. 283, 161 A. 2d 626. Our duty is performed by examining the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. We cannot conclude that the board erred in this regard.

The decision of the board is affirmed.