## Disario Unemployment Compensation Case.

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Robert F. Simone,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., November 16, 1960:

In this unemployment compensation case the claimant, Paschal Disario, voluntarily left his employment because he was dissatisfied with his earnings. He filed for unemployment compensation benefits and was refused both by the referee and the board. This appeal followed.

Claimant was last employed by the Allied Refrigeration Company at Philadelphia, Pennsylvania, as a truck driver with a base salary of $70.00 per week. His last day of work was May 7, 1959, and thereafter refused to return. On August 13, 1959, he registered for work and filed an application for benefits with the bureau. On September 15, 1959, the bureau issued a decision denying benefits on the ground that the claimant voluntarily left work without cause of a necessitous and compelling nature within the meaning of section 402(b) of the Unemployment Compensation Law, 43 P.S. section 802(b). On appeal, the referee affirmed the bureau and the board affirmed the referee.

Claimant urges here that the decision of the board should be reversed because it should have found as a fact that he terminated his employment rather than accept wages, hours or conditions of employment not desired by a majority of the employes in the establishment or the occupation. However, the only testimony in this regard was that of the claimant himself as to his own dissatisfaction and there is nothing in this record upon which such a conclusion could be based.

His testimony disclosed that the only reason he left was "because of the wages and the overtime I had to put in." He stated that he received only straight time for overtime and that for each stop he had to make he received only $1.50 regardless of how long it took to unload.

At the time claimant terminated his work, he had no definite offer of work. Under such circumstances, the mere dissatisfaction with the wages he was receiving did not justify leaving his job. While he had the right to terminate his employment and seek to better his wages if he could elsewhere, his dissatisfaction with wages did not compel him to quit so as to be eligible for unemployment compensation benefits. *McGuire Unemployment Compensation Case,* 169 Pa. Superior Ct. 467, 82 A. 2d 324; *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558. An employe's reason for leaving his employment must meet the test of ordinary common sense and prudence. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405. We find nothing in this record to disturb the adjudication arrived at by the board.

Decision is affirmed.