## Lirakis Unemployment Compensation Case.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Steve Lirakis,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., March 22, 1961:

Steve Lirakis was last employed as a roofing apprentice by Giffen Industries, Inc., 127th Avenue and 188th Street, Miami, Florida. His final day of work was April 28, 1959. His application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that he had voluntarily terminated his employment without cause of a necessitous and compelling nature and that he was therefore disqualified under the provisions of Section 402(b) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. 751 et seq. This appeal followed.

The Referee and Board found on competent evidence that claimant represented that he had experience as a roofer, and that claimant was employed with the understanding that he was able to perform the required duties. The employer was erecting a number of one-story dwellings having roofs "with a two inch pitch" approximately ten feet above ground level. Claimant was assigned to the job of laying roofing paper. After

working for a day and a half, claimant "walked off the job" with the statement that "it was too hot for him". However, in his application for benefits and at the hearing before the Referee, claimant took the position that he could not work at the edge of the roof. "I was afraid I would fall".

There is nothing in the record to indicate that claimant had any physical defect or other condition which prevented him from performing the duties assigned. There are hazards in every line of work, and we cannot accept unreasonable and unjustified fear of possible injury as a compelling and necessitous reason for leaving employment See *Labenski Unemployment Compensation Case,* 171 Pa. Superior Ct. 325, 90 A. 2d 331. It is apparent that claimant was not laid off or discharged and that continuing employment was available. Under the circumstances disclosed by this record, we are of the opinion that claimant's conduct was not consistent with a genuine desire to work and be self-supporting. His unemployment was entirely self-willed and therefore not compensable. See *Sabloff Unemployment Compensation Case,* 194 Pa. Superior Ct. 63, 166 A. 2d 95.

Decision affirmed.