## Morris Unemployment Compensation Case.

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Frank Morris,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 12, 1961:

This is an unemployment compensation appeal in which the Bureau of Employment Security, the Referee and the Board of Review all concluded that the claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature and, so, was disqualified from receiving benefits under the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

The claimant, Frank Morris, was last employed as a laborer and truck driver, at a rate of pay of $60 plus $10 expenses weekly by the Schwarz Horse Transportation Company, Oakhurst, New Jersey, on June 17, 1960. He was not discharged or laid off but quit voluntarily because of dissatisfaction with his wages and because he did not have a New Jersey driver's license.

He was certainly not available for work without a license and the record does not show a reasonable effort to obtain one. An employee's reason for leaving his employment must meet the test of ordinary common sense and prudence. *Disario Unemployment Compensation Case*, 193 Pa. Superior Ct. 517, 165 A. 2d 111 (1960). However, the record indicates that the real reason for leaving work was dissatisfaction with his wages so that his leaving was without cause of a necessitous and compelling reason. *McGuire Unemployment Compensation Case*, 169 Pa. Superior Ct. 467, 82 A. 2d 324 (1951); *Ganzen Unemployment Compensation Case*, 182 Pa. Superior Ct. 149, 126 A. 2d 529 (1956); *Wood Unemployment Compensation Case*, 189 Pa. Superior Ct. 295, 150 A. 2d 179 (1959).

Decision affirmed.