## Keisling Unemployment Compensation Case.

346

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Raymond F. Keisling*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *David Stahl*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

The claimant in this unemployment compensation case was denied benefits by the bureau, the referee and the board because his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. See §402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1). He contends that he did not voluntarily leave work, and that

even if he did, it was with cause of a necessitous and compelling nature.

The claimant was hired by the Benefit Association of Railway Employees as a manager trainee in August of 1959 and was assigned to the Pittsburgh office. The home office of his employer is in Chicago. He knew at the time he was hired that he might be transferred there at the end of his training period. Last summer, the claimant was informed that he was to be transferred to Chicago, and would receive an increase in the salary of $410 per month which he had been receiving. Upon receipt of the information, he wrote to his employer that without a definite salary increase of $350 per month he "could not possibly leave Pittsburgh." Quite understandably, his employer replied that he was "somewhat more than flabbergasted". He told the claimant that the increased salary would be $75 per month, and asked him to "report to the Home Office as directed." The employer advised the claimant that if this was unacceptable, he should resign effective August 1, 1961. The claimant replied that "the increase is not acceptable" and that he was "resigning as of August 1, 1961."

The claimant could have continued his employment in Chicago at a salary of $485 per month. He chose to resign. His unemployment was due to "voluntarily leaving work." *Lirakis Unemployment Compensation Case,* 194 Pa. Superior Ct. 342, 168 A. 2d 647 (1961); *Zahorchak Unemployment Compensation Case,* 191 Pa. Superior Ct. 229, 156 A. 2d 367 (1959); *Kinter Unemployment Compensation Case,* 180 Pa. Superior Ct. 529, 119 A. 2d 639 (1956).

Having voluntarily terminated his employment, the burden is upon the claimant to establish that his cause for doing so was of a necessitous and compelling nature. *Fenstersheib Unemployment Compensation Case,* 181 Pa. Superior Ct. 289, 124 A. 2d 375 (1956); *John-*

*son Unemployment Compensation Case,* 192 Pa. Superior Ct. 283, 284, 161 A. 2d 626 (1960). The cause for leaving his employment must meet the test of ordinary common sense and prudence. *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 378, 67 A. 2d 801 (1949); *Horning Unemployment Compensation Case,* 177 Pa. Superior Ct. 618, 112 A. 2d 405 (1955).

The claimant gave three reasons for his refusal to continue his employment. First, he considered the increase in pay as a pay cut, because it would have cost him more to live in Chicago than in Allegheny County; second, he was about to start his final year in law school and preferred not to transfer from Allegheny County, and third, his father was running for the office of Justice of the Peace in Carnegie, and he wanted to remain home to help in the campaign. These reasons do not constitute a cause of a necessitous and compelling nature for his leaving his employment.

The claimant was single and lived with his parents in Allegheny County. By going to Chicago, he could have continued his employment with a salary of $485 per month. The fact that his parents would not have been there to help reduce his cost of living was not a good cause for his resigning from a position which would have paid him over $5800 a year. Dissatisfaction with wages is not a cause of necessitous and compelling nature to leave work. *Morris Unemployment Compensation Case,* 196 Pa. Superior Ct. 68, 173 A. 2d 651 (1961).

The claimant has been attending law school in Pennsylvania. However praiseworthy we may consider the thirst for knowledge to be, it has become abundantly clear that leaving employment to further one's education does not constitute leaving work for a cause of necessitous and compelling nature under the provisions of §402(b)(1), supra. *Fenstersheib Unemployment*

*Compensation Case,* 181 Pa. Superior Ct. 289, 292, 124 A. 2d 375 (1956) ; *Kaminski Unemployment Compensation Case,* 174 Pa. Superior Ct. 242, 101 A. 2d 132 (1953). This rule is not affected by *Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A. 2d 810 (1961).

The filial loyalty of the claimant and his desire to assist his father in the political campaign merits admiration but not compensation.

The unemployment compensation law must be read in the light of its purpose to assist those who are unemployed through no fault of their own. The law was not intended to compensate those who, rather than work for wages, prefer to live at home, go to school and help their parents.

Decision affirmed.