## Biczak Unemployment Compensation Case.

Argued November 14, 1962. Before RHODES, P. J.,
ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD,
JJ. (WOODSIDE, J., absent).

*Margaret Biczak*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with
him *David Stahl*, Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY FLOOD, J., December 12, 1962:

The claimant voluntarily left her employment and
consequently is not entitled to compensation unless she
left for "cause of a necessitous and compelling nature":

Section 402(b)(1) of the Unemployment Compensation Law, as amended, 43 P.S. §802(b)(1). The claimant testified before the referee that she left her job as house mother at a home for children because the pay was not sufficient for her needs. This is not necessitous or compelling cause under the act: *Morris Unemployment Compensation Case,* 196 Pa. Superior Ct. 68, 173 A. 2d 651 (1961).

Upon appeal to the board the case was remanded to the referee for a further hearing. At the remand hearing the claimant testified that she left her employment because there were delinquent girls at the home and this made her very nervous and she couldn't work. Faced with her conflicting statements as to her reason for leaving work, the board found that she left because of dissatisfaction with her wages and denied compensation. Since the board's finding is supported by competent evidence, it is conclusive upon the court. *Progress Manufacturing Co., Inc. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632 (1962).

Decision affirmed.