This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40947**

**HEATHER BURKE,**

Petitioner-Appellant,

v.

**SEAN MCCARGAR,**

Respondent-Appellee,

and

**STATE OF NEW MEXICO ex rel.
HUMAN SERVICES DEPARTMENT,**

Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Shannon Broderick Bulman, District Court Judge**

Heather Burke
Santa Fe, NM

Pro Se Appellant

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Philip M. Kovnat
Santa Fe, NM

for Appellee Sean McCargar

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** This is a consolidated appeal by Petitioner Heather Burke (Mother) against Respondent Sean McCargar (Father), concerning various aspects of child support. Mother appeals an order by the district court denying reconsideration of her motion to claim Child on her taxes, as well as a hearing officer's report and decision denying Mother's motion to modify child support, and the district court's order adopting that decision. Prior to briefing by the parties, Father filed a motion to dismiss for lack of appellate jurisdiction, arguing that Mother's appeals were untimely. This Court held the motion in abeyance and ordered the parties to address the arguments pertaining to jurisdiction in their briefs.

**{2}** On appeal, Mother argues that the district court (1) abused its discretion by concluding that Father could claim Child on his tax returns, (2) abused its discretion by denying Mother's motions related to the modification of child support for failure to comply with discovery, and (3) violated her procedural due process and privacy rights. Father contends that these rulings are correct and that Mother's appeals are untimely. We hold that one of Mother's notices of appeal was untimely, but that the others were timely filed. Accordingly, we deny Father's motion to dismiss in part and grant his motion in part. We, however, affirm because we agree with Father that the district court did not err.

## DISCUSSION

### I. Timeliness of Appeals

### A. The First Appeal

**{3}** Father argues that this Court does not have jurisdiction to hear Mother's first appeal because her motion to reconsider the district court's order was filed three days after the time allowed by the rules. *See* Rule 1-059(E) NMRA ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."). Father contends that the district court erred by allowing Mother to file her motion late, the motion did not extend the time for Mother to appeal the district court's order, and her notice of appeal was therefore late. We are not persuaded.

**{4}** The relevant facts are as follows. A report and decision was issued by the hearing officer regarding Mother's ability to claim Child on her tax returns on April 20, 2022. Mother filed objections to the decision, pursuant to NMSA 1978, Section 40-4B-8(B) (1993), and the district court issued a written order resolving Mother's objections and adopting the hearing officer's decision on June 3, 2022. Mother filed a motion to reconsider on July 6, 2022—thirty-three days after the written order was filed. Despite the motion to reconsider being filed three days after the thirty-day deadline for motions to reconsider under Rule 1-059(E), the district court concluded that the motion was timely because Rule 1-006(C) NMRA afforded Mother three additional days.

**{5}** Father argues that the district court did not have discretion to extend Mother's time for filing a motion to reconsider because under Rule 1-006(B)(2), "[a] court shall not

extend the time to act under Rule[] . . . 1-059," and motions to reconsider are governed by Rule 1-059(E). Yet, as mentioned previously, the district court here did not extend the deadline under Rule 1-006(B)(2), but rather it considered the motion timely because of "the additional time allowed" under Rule 1-006(C). Father, in short, conflates Rule 1-006(B)—which grants the district court discretion to *extend* a deadline—and Rule 1-006(C)—which addresses how to *calculate* a deadline in certain situations and allows for three days to be added to that time period "[w]hen a party may or must act within a specified time after service and service is made by mail, facsimile, electronic transmission, or by deposit." Critically, Father merely asserts—without supporting argument—that the district court lacked "the authority to add three extra days" under Rule 1-006(C). Father does not explain how the district court erred by applying Rule 1-006(C) in calculating the deadline. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (text only) (citation omitted)). Because we are not persuaded that the district court failed to calculate the deadline correctly, we will address the merits of Mother's first appeal.

## B.    The Second Appeal

**{6}**    Father argues that Mother's second appeal is also untimely because one of her notices of appeal was filed three days after the deadline. In her second appeal, Mother challenged (1) a district court order filed on December 22, 2022,[1] appealable within thirty days, pursuant to Rule 12-201(A) NMRA, and (2) a hearing officer's report and decision filed December 28, 2022, which had become final and appealable fifteen days after Mother's objections went unanswered by the district court, pursuant to Section 40-4B-8(C). Because Mother did not file her first notice of appeal within thirty days of the district court's December 22, 2022, order, her appeal is untimely.

### 1.    The December 22, 2022, Order

**{7}**    A hearing officer issued a report and decision on November 14, 2022, denying various motions filed by Mother, which the district court adopted in a written order on December 22, 2022. Mother's notice of appeal from the December 22, 2022, order was due January 23, 2023, by the end of the day.[2] *See* Rule 12-201(A) (stating that notices of appeal must be filed within thirty days of a final judgment or order). Mother did not file her notice of appeal until January 26, 2023—three days after the deadline.

**{8}**    We have the discretion to hear untimely appeals if "the appeal is only marginally untimely." *Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 27, 285 P.3d 595. However, the party seeking to appeal must show that "unusual circumstances" warranted the late filing. *See id.* ¶ 31; *Schultz ex rel. Schultz v.*

---

1Mother states that the order from the district court was "served December 27, 2022." However, the district court order was *filed* on December 22, 2022, and became final and appealable on that date. *See* Rule 12-201(A)(1)(b) NMRA.

2Thirty days from December 22, 2022, is Saturday, January 21, 2023. The notice of appeal was therefore due Monday January 23, 2023. *See* Rule 1-006(A)(1)(c).

*Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 21, 148 N.M. 692, 242 P.3d 259 (reasoning that a delay caused by United States Postal Service was an "unusual circumstance"). Although Mother's late filing may have been "marginal," *see Schultz*, 2010-NMSC-034, ¶ 21 (holding that a two-day delay in filing a notice of appeal was "only marginal"), Mother fails to argue that unusual circumstances existed to warrant excusal. While Mother suggests in her reply brief that "court-caused delay" warrants excusing her untimeliness, *see Santa Fe Pac. Tr. Inc.*, 2012-NMSC-028, ¶ 27, she does not adequately develop this argument, and we decline to consider her argument because it was made for the first time in her reply brief. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 ("[W]e do not address issues raised for the first time in a reply brief."). We therefore do not reach the merits of Mother's appeal of the district court's December 22, 2022, order.[3]

## 2.     The December 28, 2022, Hearing Officer's Report

**{9}**     Mother also appealed the hearing officer's report—distinct from the report that was adopted by the district court in its December 22, 2022, order discussed above—filed on December 28, 2022, denying her motion to modify child support. Pursuant to Section 40-4B-8(C), "[i]f the district court judge wishes to review the hearing officer's decision de novo or on the record, he shall take action on the objections presented by the parties within fifteen days after the objections are filed." If the district court fails to act within the fifteen-day period, the hearing officer's decision is "deemed accept[ed] by the district court" and it is given "the full force and effect of a district court decision." *Id.* Once a hearing officer's decision has become final by operation of law, a notice of appeal may then be filed "in the same manner as that of an appeal from a district court decision." NMSA 1978, § 40-4B-9 (1988). Here, Father filed objections to the hearing officer's report on January 7, 2023, and Mother filed objections on January 9, 2023—both within the time allowed by statute.[4] *See* § 40-4B-8(B). Fifteen days after Mother's objections were filed, the hearing officer's report was given the "full force and effect of a district court decision." Section 40-4B-8(C). Because Mother filed her appeal within thirty days of this date, her notice of appeal was timely.

## II.     Tax Credit Issue

**{10}**     Mother argues that the district court lacked jurisdiction to allocate the dependency tax credit for Child to Father because the court only has continuing jurisdiction over matters of custody and child support, and Father's right to claim Child was not related to custody or child support. In the alternative, Mother contends that by entering into a marital settlement agreement with Mother, Father contracted away his right to claim Child. Father argues that it was within the district court's discretion to allocate tax obligations related to Child between the parties and that the marital settlement agreement did not bar the district court from allowing him to claim Child. We

---

[3]We note that even were we to exercise our discretion to hear Mother's untimely appeal of the December 22, 2022, order, we would conclude that she has failed to persuade us of reversible error for the reasons stated below.

[4]Ten days from December 28, 2022, is Wednesday, January 11, 2023. *See* Rule 1-006(A)(2)(a).

agree with Father and conclude that the district court did not abuse its discretion. *See Mintz v. Zoernig*, 2008-NMCA-162, ¶ 17, 145 N.M. 362, 198 P.3d 861 (recognizing that we review child support determinations for an abuse of discretion).

**{11}** Mother first argues that the district court lacked jurisdiction to modify the tax exemption provision in the parties' marital settlement agreement. We disagree. The district court has continuing jurisdiction to "modify a child support obligation upon a showing of material and substantial [change in] circumstances subsequent to the adjudication of the pre-existing child support order." *Jury v. Jury*, 2017-NMCA-036, ¶ 37, 392 P.3d 242. In *Macias v. Macias*, this Court explicitly held that dependency exemptions should be viewed "as another form of financial resource to be allocated for the benefit of minor children." 1998-NMCA-170, ¶ 8, 126 N.M. 303, 968 P.2d 814. Therefore, the district court had the authority to reallocate the child dependency exemption based on a material and substantial change in circumstances. The district court did just that, reasoning that because "Father [was] now the primary custodial parent, . . . [he] should be able to claim . . . [C]hild in compliance with federal regulations." That is, the court determined that the changed circumstance of Father becoming the primary custodial parent justified changing the allocation of the tax exemption. *See Jury*, 2017-NMCA-036, ¶ 37. The district court had the authority to do so under *Macias*.

**{12}** Mother argues that "the [d]istrict [c]ourt mistakenly relied on *Macias* for the proposition that only the custodial parent could claim the tax exemption, when the *Macias* Court clearly recognizes that parties can contractually waive the right to claim tax exemptions." Mother contends that "[t]he *Macias* Court explicitly recognized that it is perfectly legal for the non-custodial parent to claim the exemption, and legal for a custodial parent to waive the right to that exemption." While it is true that a custodial parent may waive the right to claim a child on their taxes, *see* 1998-NMCA-170, ¶ 5, that is not what occurred here. The *Macias* Court provided that a custodial parent could "waive the exemption in favor of the non-custodial parent by signing a written declaration to that effect on a specified federal form." *Id.* Here, Father was the custodial parent, and he did not waive the exemption because he did not sign any declaration to that effect.

**{13}** Finally, Mother contends that Father contracted the right to claim Child on his taxes away in their marital settlement agreement, which provided that Mother would be "entitled to declare . . . [C]hild as an exemption for income tax purposes each taxable calendar year." As we understand Mother's argument, she claims that she gave up spousal support in consideration of claiming Child on her tax returns as a "middle ground." In its order, the district court found that "the [marital settlement agreement] is silent regarding an agreement of Mother's tax claim in exchange for no spousal support paid, and there is no evidence of consideration for an agreement that Mother claim . . . [C]hild." Mother does not specifically challenge these findings, *see* Rule 12-318(A)(4) NMRA, and they are therefore binding on appeal. *See Siepert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298. Nor has Mother challenged the alternative rationale in the district court's order denying her motion to reconsider. There, the court

noted that "[n]onmodifiable agreements regarding child support are not in the best interests of . . . [C]hild" and are therefore against public policy. Mother has not persuaded us that the district court erred by concluding that the marital settlement agreement did not bar the district court from reallocating the tax credit.

### III.  Discovery Sanctions

**{14}**  In her second appeal, Mother argues that the hearing officer abused his discretion by denying Mother's various motions related to child support for discovery violations. Because we are not addressing Mother's untimely appeal of the December 22, 2022, order, we limit our review to Mother's arguments related to the hearing officer's December 28, 2022, denial of her motion to modify child support. For the reasons that follow, we disagree and affirm.

**{15}**  We review the imposition of discovery sanctions for an abuse of discretion. *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972. That is, "we will disturb the trial court's ruling only when the trial court's decision is clearly untenable or contrary to logic and reason." *Id.* (internal quotation marks and citation omitted). "Implicit in the [abuse of discretion] standard of review is the question of whether the court's findings and decision are supported by substantial evidence." *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶ 15, 301 P.3d 875 (alteration, internal quotation marks, and citation omitted).

**{16}**  To the extent that Mother does make a substantial evidence argument, she makes a specific attack on only one finding regarding discovery. *See* Rule 12-318(A)(4) ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies *with particularity* the fact or facts that are not supported by substantial evidence." (emphasis added)). The finding was made by the district court in its written order filed on February 9, 2023—an order that was not appealed by Mother. Although Mother did not appeal from this specific order, she timely appealed from the December 28, 2022, hearing officer's report, and we therefore have jurisdiction over the subsequent district court order adopting the hearing officer's report. *See Sw. Rsch. & Info. Ctr. v. N.M. Env't Dep't*, 2003-NMCA-012, ¶¶ 20-21, 133 N.M. 179, 62 P.3d 270 (noting that if there is a subsequent final order, premature filing of an appeal does not prevent this Court from reaching the merits of an appeal).

**{17}**  Mother attacks the district court's finding that

> [a]t the November 1, 2022, hearing, [Mother's] objections to [Father's] interrogatories were reviewed and denied. [Father] identified the individual questions most needing a response, and [Mother] was required to provide answers by November 30, 2022. [Mother] responded in the form of objections to the interrogatories, but there is no dispute that [Mother] did not answer [Father's] questions.

Mother argues that she had, in fact, responded to Father's discovery requests on November 30, 2022, and cites to a certificate of service in the record to support this contention.[5] Although Mother may have responded to some of Father's discovery requests on November 30, 2022, we understand the district court's order to be referencing the specific interrogatories addressed in Father's motion to compel discovery filed on December 7, 2022. At the hearing on Mother's motion to modify child support and Father's motion to compel discovery held on December 13, 2022, Father stated that he had not received responses to any of the discovery requests *outlined in his motion*. The district court reviewed on the record each interrogatory that Mother had not responded to, and Mother failed to provide additional answers related to any of the discovery requests. Viewed in this context, we believe the district court's finding regarding the lack of response by Mother is supported by the record and therefore defer to that finding. *See Phelps Dodge Corp. v. N.M. Emp. Sec. Dep't*, 1983-NMSC-068, ¶ 8, 100 N.M. 246, 669 P.2d 255.

**{18}** Mother makes other vague attacks on the hearing officer's findings and the district court's rulings but does not cite specific findings or relevant portions of the record to support her argument. *See Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 15, 539 P.3d 1224 ("Summarizing the evidence and making a generalized assertion that the evidence does not support the district court's findings of fact, without directly attacking them, is insufficient."). Mother does not challenge with specificity any findings made by the hearing officer or the district court regarding her discovery violations. *See* Rule 12-318(A)(4) ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies *with particularity* the fact or facts that are not supported by substantial evidence." (emphasis added)). We therefore conclude that Mother waived her substantial evidence challenge, *see id.*, and the findings that Mother does not challenge are binding on appeal. *See Siepert*, 2003-NMCA-119, ¶ 26.

## IV.    Procedural Due Process and Privacy Rights

**{19}** Mother also argues that her procedural due process rights were violated when the district court "heard issues not fully briefed and/or noticed to be heard, disparately applied procedural requirements, issued inaccurate orders which did not properly reflect the actual record from the associated hearing, and refused to let her create a clear record for appeal," and that Father's request for medical records violated her "rights to privacy of her person, papers and things." Mother's arguments consist of summaries of the law and conclusory statements that the law requires reversal in this case. Mother fails to adequately develop her arguments, and we will not develop them for her. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

---

[5]The certificate of service contains no attachments showing Mother's discovery responses, Mother does not cite the discovery responses, and we have not found them in the record. It is Mother's burden to provide an adequate record for review. *See Albuquerque Bernalillo Cnty. Water Util. Auth. v. NMPRC*, 2010-NMSC-013, ¶ 49, 148 N.M. 21, 229 P.3d 494 (recognizing that it is appellant's burden on appeal to provide an adequate record).

**CONCLUSION**

**{20}** We affirm and therefore deny Mother's request for attorney fees.

**{21}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**